ANTHONY I. LIPARI, PLAINTIFF-RESPONDENT, v. THE COUNTY OF HUDSON, A BODY POLITIC AND CORPORATE IN LAW (IMPLEADED AS BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, A BODY CORPORATE), DEFENDANT-APPELLANT.

Argued October 1, 1946—Decided April 2, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the plaintiff-respondent, *Raymond Chasan.*

For the defendant-appellant, *Daniel T. O'Regan, William George* and *Frank G. Schlosser.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The question for decision is whether the Hudson County Court of Common Pleas erred in striking the defendant's answer and in entering summary judgment in plaintiff's suit for arrears in salary as sergeant-at-arms of the Fourth Criminal Judicial District Court of Hudson County. The complaint alleged that plaintiff was, during the period sued for, namely, November 8th, 1945, to March 15th, 1946, sergeant-at-arms as aforesaid, that he duly performed all the duties of his office, that his salary was at

the annual rate of $2,500, and that for the designated period
it amounted to $888.28; for which amount, and interest and
costs, judgment was demanded. The answer admitted some
of the allegations, set up insufficient knowledge on others and
controverted still others. The plaintiff moved to strike,
whereupon the parties respectively submitted affidavits. Upon
those pleadings and proofs, and the construction given our
decision in *In re Rosenblum,* 130 *N. J. L.* 344, the court
determined that some parts of the answer were sham, that
the remainder were insufficient in law, struck the answer and
awarded judgment to the plaintiff in the amount of $905.53
and costs.

The duty of the court, on the motion to strike because
sham, was to determine whether an issue of fact was pre-
sented and not to decide which of the parties was telling the
truth. *Berger* v. *Interstate Building and Loan Association,*
121 *N. J. L.* 507. On such an issue when the defendant's
proofs are such that, if truthful, they present a defense the
defendant is entitled as a matter of right to have his answer
sustained, *Kaplan* v. *Catlett,* 121 *Id.* 201, and to go to trial
in the usual manner.

The Fourth Criminal Judicial District Court comprised a
territorial area separate and distinct from any of its com-
panion courts. Chapter 201, *Pamph. L.* 1940. Plaintiff's
duty as sergeant-at-arms of that court was to attend the
sittings of the court, preserve order therein and perform such
other duties as the judge of the court might, from time to
time, prescribe. *R. S.* 2:212–15. Plaintiff was appointed
(*id.*) by the Judge of the Fourth Criminal Judicial District
Court, Ashley B. Carrick, on October 30th, 1940. Judge
Carrick was inducted into the army on or about January
22d, 1942, and requested the Judge of the First Criminal
Judicial District Court to take charge of the Fourth District
during his absence in military service; but, on June 24th,
1942, Judge Carrick resigned his judgeship, whereupon his
request upon another judge to perform his judicial duties
became ineffective. Since that time the office of judge in
the Fourth District has remained vacant. The appointment
of the judge lies with the Governor, by and with the consent

of the Senate; the appointment of a sergeant-at-arms and court attendants is by the judge of the respective court. On July 23d, 1942, the clerk of the court resigned, since which time there has been no clerk. On August 5th, 1943, plaintiff was inducted into the military service where he remained until his discharge on November 7th, 1945. By *R. S.* 2:212–19 (amended chapter 200, *Pamph. L.* 1940) it was the duty of the Board of Chosen Freeholders to provide suitable quarters for a Criminal Judicial District Court together with proper equipment, transportation and places of detention, and the board met that duty while there was a functioning court. But shortly after August 5th, 1943, there being no judge, no clerk, no sergeant-at-arms, not even the semblance of a court, the board, under an adopted resolution, removed the furniture and books and vacated the quarters. Until plaintiff left the army he was paid by the county, under *R. S.* 38:23–3 and a resolution of the board passed thereunder, the difference between his army pay and his official salary. By letter dated November 8th, 1945, plaintiff informed the board that he had been honorably discharged and had returned to active duty as sergeant-at-arms. Without any authority so to do he reported at the court room of the First Criminal Judicial District Court of Hudson County, and has reported "regularly"—whatever that may mean—at that court room, and, according to his proofs, has performed "all of the duties required of him." But it does not appear what, if any, duties were required of him, or that he actually did anything. Particularly, it does not appear that he has done anything as sergeant-at-arms of the Fourth Criminal Judicial District Court since Judge Carrick's resignation on June 24th, 1942; on the other hand there is a statement under oath that he has rendered no such service. The Board of Chosen Freeholders has refused payment of salary since plaintiff's separation from the army, for the alleged reason that he is performing no service and that, while there is no judge, no court clerk and no court business, there is no service for him to perform.

It is established sufficiently for the purposes of the defensive pleading that plaintiff is doing no work in his appointed position and that there is no work under conditions as they

are, and have been over several years, for him to perform. That situation has gone on too long to be called an emergency; it is too complete to be brushed away on a technicality. It is nothing for which the defendant is responsible, except in so far as the dismantlement of the court room is concerned and it was hardly to be expected that court records and paraphernalia should be left abandoned and unused through an indefinite number of years, the rental charges meanwhile constantly recurring.

We see nothing sham in the defendant's factual presentation. On the trial of the issue it may be outweighed by controverting evidence, but it meets the requirements at this stage.

We held in *In re Rosenblum, supra,* that a vacancy in the office of judge does not operate to wipe out the court and that where the clerk declared that he performed his duties and there was no proof that he did not and the clerk had not been disturbed in his occupancy of his office, he could compel payment of his salary. Here the facts, as we have shown, show a much broader disruption of the court and an absence of performance by the claimant.

We think that the answer, with its separate defenses, should not have been struck upon the ground that it was sham. Assuming that the factual position taken by the defendant is sustained, namely, that the court was thoroughly disrupted and that plaintiff performs no services and has none to perform, a novel legal problem is posed which is slightingly argued in the briefs. We consider it desirable to have the facts fully developed by trial evidence so that the legal rule may be more intelligently considered and applied.

The judgment will be reversed to the end that a *venire* issue and trial be had. Costs will abide the event.